OPINION. Hill, Judge: We have concluded that petitioner sold two properties and not one property. Petitioner acquired each of the buildings at different times. Each had a separate cost basis and depreciation schedule. Each was accounted for on petitioner’s- books separately. The income and expenses of each were reported and deducted separately. They were each separate units for local tax and utility metering purposes. Although both were sold by petitioner under one deed, the purchasing company carried each separately on its books. Furthermore, the buildings differ in their adaptability and actual use. Petitioner argues that, despite the above circumstances, the properties supplemented each other and must be considered as an economic unit. It is true that the subsequent acquisition of 420 N. Clark by petitioner was to protect and enhance the value and ultimate usefulness of 109 W. Hubbard as a potential office space for the company. But we do not think this factor is sufficient under the circumstances of this case to justify considering the sale of the two buildings as a sale of one property. We are not satisfied that petitioner actually welded the two properties into a single unit or that any other sufficiently significant correlating factor exists to justify a merging of cost bases. Lakeside Irrigation Co. v. Commissioner, 128 Fed. (2d) 418; certiorari denied, 317 U. S. 666; Reddington Co. v. Commissioner, 131 Fed. (2d) 1014; Morris Investment Corporation v. Commissioner, 156 Fed. (2d) 748; certiorari denied, 329 U. S. 788. As was said in Lakeside Irrigation, supra: * * * \ye are of opinion that in ascertaining gain and loss by sales or exchanges of property previously purchased, in general each purchase is a separate unit as to which cost and sale price are to be compared. * * * The above quoted rule appears properly applicable to the instant case, in the absence of any more substantial integration than is shown here. To constitute an exception to the general rule that each purchase is a separate unit, we consider it sound to insist on such a sufficiently thoroughgoing unification of separately purchased properties as naturally recommends a consolidation of their bases. The instant case, in our opinion, falls short of this. The cases cited involved securities, but the reasoning supports our present conclusion. We hold, therefore, that petitioner’s sale was the sale of two properties. It follows that respondent’s determination must be sustained. Decision will be entered for respondent.